### BURKE v. DILLINGHAM.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1894.)

#### No. 137.

DEATH BY WRONGFUL ACT—LIABILITY OF RAILROAD RECEIVER.

    The Texas statute giving a right of action when the death of any person is caused by the negligence of "the proprietor, owner, charterer or hirer" of any railroad, or their servants (Rev. St. art. 2899), creates no right of action against a railroad receiver. Turner v. Cross, 18 S. W. 578, 83 Tex. 218, followed.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

This was a petition of intervention filed by Mary A. Burke, individually and as next friend of Maude, Thomas, Bertha, Charley, and Sidney Burke, against Charles Dillingham, receiver of the Houston & Texas Central Railway Company, to recover damages suffered by them because of the death of Thomas W. Burke, an employé of the receiver, through the alleged negligence of the defendant. The court below, having sustained a demurrer to the petition, dismissed the same, and the intervener appeals.

The statute upon which plaintiff based her right of action was Rev. St. Tex. art. 2899, which reads as follows:

"An action for actual damages on account of injuries causing death of any person may be brought in the following cases: First, when the death of any

person is caused by the negligence or carelessness of the proprietor, owner, charterer or hirer of any railroad, or by the unfitness, negligence or carelessness of their servants."

To support the action of the court below, the appellee relied mainly upon the case of Turner v. Cross, 83 Tex. 231, 18 S. W. 578, and quoted the following language therefrom:

"Looking to the character of the property named in the statute, if it was the intention of the legislature—as seems manifest by the language used—to give right of action against all persons and corporations sustaining to the property the relations which the words indicate, in cases of injuries resulting in death, caused by their negligence, or the unfitness, negligence, or carelessness of their servants and agents, then there was necessity to name all the persons against whom right of action was intended to be given, so that any grade of ownership conferring personal right should be brought within the operation of the statute; and it was doubtless for the purpose of avoiding all misconception as to the intent of the legislature that 'hirers,' 'charterers,' 'owners,' and 'proprietors' were named. The manifest purpose of the statute was to give right of action, for injuries such as are complained of in this case, against those in possession, in their own rights, of the classes of property named in the statute, when operated by themselves, or by servants or, agents of their own selection, for whose acts or omissions they ought to be responsible; and the language of a statute ought to be such as to imperatively require it, before a court would be authorized to hold that such owners were intended to be made liable, directly or indirectly, for an injury occurring in the use of their property while under the management and control of an officer of a court having power to do with it as the court may direct, and to select his own servants without regard to the wish of the owner."

H. F. Ring and Pressley K. Ewing, for appellant.
E. H. Farrer, E. B. Kruttschmitt, and B. F. Jonas, for appellee.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

McCORMICK, Circuit Judge. On the authority of Turner v. Cross, 83 Tex. 218, 18 S. W. 578, we must hold that, for the injury which resulted in the death of Thomas W. Burke, the statute of Texas did not authorize a recovery of damages against the defendant in error. The demurrer to the petition was properly sustained, and the judgment of the circuit court is affirmed.